Michael Jungreis, ABA #7711184
Anne Marie Tavella, ABA #1506045
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
Fax: (907) 257-5399
michaeljungreis@dwt.com
annemarietavella@dwt.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT SALNA ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NOME GOLD ALASKA CORP. ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:16-cv--00053-RRB |

## MOTION TO EXPUNGE LIS PENDENS

Defendant Nome Gold Alaska Corp. ("NGAC") hereby moves for the removal and expungement of the Notice of Lis Pendens recorded by the Plaintiff Robert Salna ("Salna") in conjunction with the initiation of this action, as document number 201000183-0 in the records of the Cape Nome Recording District.

### I. INTRODUCTION

Salna has filed an action for unjust enrichment against NGAC that alleges Salna provided funds to NGAC with the expectation of receiving a benefit in return. The Complaint does not allege that Salna has any ownership interest in or right to the real

property that is the subject of the lis pendens. Therefore, this action will have no effect on the title or right of possession of the real property that is the subject of the lis pendens and, therefore, the lis pendens is not in accordance with AS § 09.45.940 and should be released.

## II. STATEMENT OF FACTS

Salna filed the Complaint for Unjust Enrichment against NGAC on February 26, 2016. That same day, Salna recorded a Notice of Lis Pendens in the Cape Nome Recording District against certain real property owned by NGAC. *See* Exhibit A, Notice of Lis Pendens. According to the Complaint, Salna provided funds to NGAC and NGAC used those funds, in part, to purchase certain equipment and real property, but failed to return any benefit to Salna for his contribution. *See Complaint* at ¶¶ 10, 13, 16.

The Complaint does not allege, in any manner, that Salna has any interest in or right to the title or to possession of the real property. *See Complaint, generally*. Rather, the Plaintiff's Prayer for Relief requests the following:

> 1. For an order restraining NG Alaska [NGAC] from further disposing of its assets without first providing for deposit into this Court's registry account or a third party escrow account of sufficient funds to repay Salna the benefits he has provided NG Alaska.
>
> 2. For a money judgment against Defendant for unjust enrichment in an amount to be proven at trial, but not less than $3,674,500.
>
> 3. For an award of attorneys' fees and costs.
>
> 4. For such other relief as this court deems just and equitable.

*Complaint* at 5. Thus, from the face of the Complaint, it is clear that Salna does not have

MOTION TO EXPUNGE LIS PENDENS -- 2
*Robert Salna v. Nome Gold Alaska, Corp.*, Case No. 3:16-cv--00053- RRB

and does not seek any right to or interest in the title or possession of the real property that is the subject of the lis pendens notice.

### III.     LEGAL ARGUMENT

#### A.     A Lis Pendens is an Extraordinary Privilege that Requires Strict Statutory Compliance.

AS § 09.45.940 provides that only in an action that affects the title or right of possession of real property, a plaintiff may record a notice of lis pendens against the real property at issue. The statute states:

> ***In an action affecting the title to or the right of possession of real property***, the plaintiff at the time of filing the complaint, or afterwards, and the defendant, when affirmative relief is claimed, at the time of filing the answer, or afterwards, may record in the office of the recorder of the recording district in which the property is situated a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property affected in that district. From the time of recording the notice, a purchaser, holder of a contract or option to purchase, or encumbrancer of the property affected has constructive notice of the pendency of the action and of its pendency against parties designated by their real names.

*Id*. (emphasis added). It is clear from the first sentence of the statute that the right of recording a lis pendens notice is specifically limited to plaintiffs who file an action that claims a right to the property that is the subject of the notice. The recording of a notice of lis pendens has the same practical effect as the recording of a claim of lien: it clouds the title to real property and restricts the ability of the property owner to alienate any interest in the property. As courts have held, the recording of a notice of lis pendens is inherently damaging to the property owner:

MOTION TO EXPUNGE LIS PENDENS -- 3
*Robert Salna v. Nome Gold Alaska, Corp.*, Case No. 3:16-cv--00053- RRB

> [T]he practical effect of a recorded [lis pendens] is to render a defendant's property unmarketable and unusable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing [the owner] to settle not due to the merits of the suit but to rid [the owner] of the cloud upon [the owner's] title.

*Canales v. Artiga*, 192 P.3d 610, 611 (Hawaii 2008). The Eighth Circuit has held that "irreparable harm" results from the improper recording of a lis pendens notice. *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

The justifiable strictness of the Alaska statute was confirmed by the Supreme Court of Alaska in *Blake v. Gilbert*, 702 P.2d 631 (Alaska 1985) (overruled on other grounds in *Bibo v. Jeffrey's Restaurant,* 770 P.2d 290 (Alaska 1989)[1]). In *Blake*, the plaintiff sought damages related to breaches of fiduciary duty and contract and recorded a notice of lis pendens against real property to which the defendant owned an interest. *Id*. at 642. The notice was expunged by the trial court prior to appeal. *Id*. On appeal, in reviewing the validity of the trial court's decision to remove the lis pendens notice, the higher court discussed the fact that such a notice is an "extraordinary privilege" such that courts have demanded strict compliance with statutory requirements. *Id*. at 643 (quoting *Will of Sabatino*, 90 Misc.2d 56, 393 N.Y.S.2d 671 (N.Y.Surr.Ct.1977)). The court further stated:

> A lien which results merely from an ultimate entry of a judgment provides no basis for the filing of a lis pendens notice. *Rehnberg v. Minnesota Homes*, 236 Minn. 230, 52 N.W.2d 454, 456 (1952) (lis pendens not

---

[1] *Bibo* overruled the *Blake* decision on the issue of the appropriate statute of limitations for breach of fiduciary duty.

MOTION TO EXPUNGE LIS PENDENS -- 4
*Robert Salna v. Nome Gold Alaska, Corp.*, Case No. 3:16-cv--00053- RRB

> supported where plaintiff alleged breach of contract, prayed for an accounting and demanded that any amounts due be declared a lien on property); *see also Cutter v. Cutter Realty*, 265 N.C. 664, 144 S.E.2d 882 (1965); *Otten v. Birdseye*, 527 P.2d 925 (Colo.App.1974). *See generally* 51 Am.Jur.2d Lis Pendens § 21, at 968 (1970). The present action does not directly affect "the title to or right of possession of real property." Nor did Blake seek an equitable lien on this specific property. Thus, Blake's lis pendens was properly expunged.

*Id.*

The Supreme Court of Alaska's holding in *Blake* was specifically recognized and relied on by the District Court in Alaska in *Seattle-First National Bank v. Pool Engineering, Inc.*, 1995 WL 58725 (D. Alaska 1995), which was essentially a dispute over the rights of creditors. The defendant, Pool Engineering, recorded a notice of lis pendens against the assets of Klawock Timber Alaska, Inc. ("KTAI"), on the basis that Pool Engineering possessed a timber lien against KTAI. *Id*. at *1. Seattle-First brought suit seeking removal of the lis pendens notice, as Seattle-First had a security interest in the assets that pre-dated the timber lien. *Id*.

Most of the decision is focused on the parties' competing lien claims on KTAI's assets. With regard to the lis pendens notice, the court began by noting that "[n]owhere in the record is there evidence that Pool ever had or has asserted a claim against real property or any interest therein owned by KTAI." *Id*. at *6. Citing *Blake*, the court noted that this case, like *Blake*, involved a breach of contract action and a request for equitable relief that included a request for an accounting for profits traceable to property listed in the lis pendens, but that no actual claim was made to the property itself. *Id*. at *7. The court stated:

MOTION TO EXPUNGE LIS PENDENS -- 5
*Robert Salna v. Nome Gold Alaska, Corp.*, Case No. 3:16-cv--00053- RRB

> Inasmuch as Pool's action in connection with which the lis pendens was filed made no claim as to title to or any interest in real property formerly owned by KTAI, its lis pendens was unauthorized. It was not in compliance with AS 09.45.940. Accordingly, Seattle–First is entitled to have the lis pendens expunged quite apart from the other litigation between it and Pool.

*Id.*

### B. Salna's Lis Pendens Does Not Meet the Statutory Requirements.

The instant motion raises a single question for the Court: does Salna's Complaint for Unjust Enrichment make a claim as to title or other interest in real property owned by NGAC? This question can easily be answered from the face of the Complaint, which does not allege or request that Salna has or should have a right to the real property that is the subject of the lis pendens. Rather, the Complaint states that Salna is concerned that NGAC is in the process of selling assets in Alaska. *See* Complaint at ¶¶ 20 and 21. However, mere concern that assets are being sold does not create a right or interest in NGAC's real property and nor does it permit Salna to avoid the clear requirements of AS § 09.45.940.

Further, if Salna is legitimately concerned that NGAC will lack sufficient assets to satisfy a judgment, assuming Salna is able to successfully prevail in this lawsuit, the law provides more appropriate avenues to achieve similar interlocutory protections, such as a prejudgment writ of attachment or preliminary injunction. Notably, these other avenues, unlike a lis pendens, require Salna to seek judicial intervention and to provide the court with sufficient information to satisfy the court that such a remedy is warranted prior to

the adjudication of the case.  *See*, e.g., Ak.R.C.P. 89[2].  The requirement of judicial intervention is logical, as the alternative would allow any plaintiff who claims a monetary debt to effectively encumber a defendant's real property by recording a notice of lis pendens, without any claim of interest in the real property, without having to provide any evidence that its claim is valid, and without seeking leave or approval from the court.

The law does not permit Salna the option of utilizing a lis pendens notice in this case.  Salna's Complaint plainly alleges that he is owed a monetary debt, with no allegations that he possesses any right or interest in the real property subject to the lis pendens.  The courts in *Blake* and *Seattle-First* have confirmed that AS § 09.45.940 does not permit a lis pendens in this circumstance.  Therefore, Salna's lis pendens recorded on February 26, 2016, under document number 2016-000183-0, against the real property listed in the notice (attached as Exhibit A), should be removed and expunged.

## IV.   CONCLUSION

For the foregoing reasons Defendant NGAC respectfully requests the Court issue an order removing and expunging the Notice of Lis Pendens, recorded on February 26, 2016, as document number 2016-000183-0 in the records of the Cape Nome Recording District, and attached as Exhibit A to this Motion.

---

[2] Applicable in this Court by virtue of Rule 64(a), Fed.R.Civ.Pro.

MOTION TO EXPUNGE LIS PENDENS -- 7
*Robert Salna v. Nome Gold Alaska, Corp.*, Case No. 3:16-cv--00053- RRB

DATED this 4th day of March, 2016.

           DAVIS WRIGHT TREMAINE LLP
           Attorneys for Nome Gold Alaska Corp.

*/s/ Michael Jungreis*
Michael Jungreis, ABA #7711184
188 W. Northern Lights Blvd., Ste. 1100
Anchorage, AK 99503
PH: 907-257-5300
Fax: 907-257-5399
Email: michaeljungreis@dwt.com

*/s/Anne Marie Tavella*
Anne Marie Tavella, ABA #1506045
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
Fax: (907) 257-5399
Email: annemarietavella@dwt.com

Certificate of Service:

I certify that on the 4th day of March, 2016, a true and correct copy of the foregoing document was filed and served through the Court's ECF system and on the following via USPS:

Erik ReRoy (8310130)
Erik LeRoy, P.C.
500 L St., Ste. 302
Anchorage, AK 99501
erik@alaskanbankruptcy.com

*/s/Michael Jungreis*
Michael Jungreis

DWT 29045243v1 0050033-002171

MOTION TO EXPUNGE LIS PENDENS -- 8
*Robert Salna v. Nome Gold Alaska, Corp.*, Case No. 3:16-cv--00053- RRB